**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD JONES,                        :
                                                  Civil Action No. 09-3806 (RMB)
        Petitioner,   :

        v.             :   **OPINION**

LARRY GLOVER, et al.,                :

        Respondents.  :


**APPEARANCES:**

Petitioner <u>pro se</u>
Ronald Jones
Northern State Prison
P.O. Box 2300
Newark, NJ 07114


**BUMB**, District Judge

    Petitioner Ronald Jones, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Although Petitioner asserts jurisdiction under 28 U.S.C. § 2243, Section 2243 merely sets forth certain procedures to be followed in habeas corpus matters.  Challenges to custody pursuant to the judgment of a state court must be brought under 28 U.S.C. § 2254, which provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of

to 28 U.S.C. § 1915(a).  The respondents are Warden Larry Glover and the Attorney General of the State of New Jersey.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

### I.  BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of kidnapping, aggravated sexual assault, and possession of a weapon for an unlawful purpose.  On October 19, 1981, the trial court imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility.  See Jones v. Morton, 195 F.3d 153, 155 (3d Cir. 1999).[2]

On January 8, 1993, Petitioner filed his first § 2254 habeas petition in this Court.  See Jones v. Beyer, Civil No. 93-0164 (D.N.J.).  On January 24, 1994, United States District Judge John

---

the United States.

[2] This Court will take judicial notice of the dockets of other cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

F. Gerry dismissed the petition without prejudice for failure to exhaust state remedies.

Petitioner's second § 2254 habeas petition was also dismissed for failure to exhaust state remedies.  See Jones v. Morton, Civil No. 95-1296 (D.N.J.).

Petitioner's third § 2254 habeas petition was dismissed in 1998 as a prohibited second or successive petition or, in the alternative, as time-barred.  See Jones v. Morton, Civil No. 97-5606 (D.N.J.).  The Court of Appeals for the Third Circuit granted a certificate of appealability and affirmed on the ground that the third petition was time-barred.  Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

Petitioner's fourth and fifth habeas petitions were both dismissed in 2002 as time-barred.  Jones v. Hendricks, Civil No. 01-0337 (D.N.J.); Jones v. Hendricks, Civil No. 02-4612 (D.N.J.).

In 2003, Petitioner filed his sixth § 2254 petition.  Jones v. Hendricks, Civil No. 03-3927 (D.N.J.).  On September 8, 2003, United States District Judge Joseph E. Irenas found that the petition was "second or successive" and transferred the case to the Court of Appeals for the Third Circuit, which thereafter denied Petitioner leave to proceed with a second or successive petition.

Petitioner filed his seventh § 2254 petition on March 30, 2004.  Jones v. Hendricks, Civil No. 04-1529 (D.N.J.).  On

3

January 19, 2003, United States District Judge Freda L. Wolfson dismissed the petition for lack of jurisdiction, on the ground that it was a second or successive petition that Petitioner had not obtained authorization to file.  On April 6, 2005, the Court of Appeals denied Petitioner's application for a certificate of appealability as follows:

> The foregoing application for a certificate of appealability is denied.  Jones sought to file a second or successive petition for writ of habeas corpus in the District Court.  Because Jones had not obtained the necessary authorization to do so from this Court, see 28 U.S.C. § 2244(b)(3)(A) (2005), the District Court lack jurisdiction to consider the petition, see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  Jones has not shown that the District Court's decision to dismiss the petition arguably was incorrect.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Jones v. Hendricks, No. 05-1269 (3d Cir. April 6, 2005).

Petitioner filed his eighth § 2254 petition in 2006.  Jones v. Hayman, Civil No. 06-5725 (D.N.J.).  On December 8, 2006, United States District Judge Noel L. Hillman dismissed the petition for lack of jurisdiction as a second or successive petition.  The Court of Appeals granted a certificate of appealability as to Petitioner's ninth claim, relating to the denial of parole, vacated the District Court's decision as to that claim only, and remanded.  Jones v. Hayman, No. 06-5122 (3d Cir. Nov. 30, 2007).

Petitioner filed his ninth § 2254 petition in March, 2007.  Jones v. Hayman, Civil No. 07-1505 (D.N.J.).  On April 17, 2007,

United States District Judge Robert B. Kugler dismissed the ninth petition as second or successive.

Petitioner filed his tenth § 2254 petition in 2008. Jones v. Hauck, Civil No. 08-1601 (D.N.J.). On April 11, 2008, United States District Judge Noel L. Hillman dismissed the tenth petition as second or successive. On July 23, 2008, the Court of Appeals denied a certificate of appealability. Jones v. Hauck, No. 08-2251 (3d Cir. July 23, 2008).

This is Petitioner's eleventh § 2254 petition. Here, Petitioner asserts 23 grounds for relief, all of which challenge the original conviction.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

5

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.   ANALYSIS

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the

6

petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that this Petition is a "second or successive" petition over which it lacks jurisdiction.[3]  This Court further finds that it is not in the interests of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as the Court of Appeals has already declined to grant Petitioner leave to proceed with a second or successive petition.  Accordingly, the Petition will be dismissed for lack of jurisdiction.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

---

[3] Because this Petition is "second or successive" there is no need to give the notice otherwise required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court is correct in its determination that it lacks jurisdiction over this "second or successive" petition. Accordingly, no certificate of appealability shall issue.

V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate order follows.

                                   s/Renée Marie Bumb
                                   Renée Marie Bumb
                                   United States District Judge

Dated: January 27, 2010